IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY BROWN | § | |
| v. | § | CIVIL ACTION NO. 6:14cv814 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Anthony Brown, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Brown pleaded guilty to and was convicted of murder, receiving a sentence of 30 years in prison. He signed a stipulation of evidence stating that he committed or attempted to commit an act clearly dangerous to human life in that he was driving on the wrong side of the road while in the course of committing a felony, driving while intoxicated after two previous convictions for driving while intoxicated, resulting in the death of an individual named N. Huyser.

In his petition, Brown argued that the case should have been prosecuted as intoxication manslaughter because a DUI cannot supply a culpable mental state for felony murder, he did not have a third offense for driving while intoxicated, and he received ineffective assistance of counsel in a number of particulars. After ordering and receiving an answer from the Respondent, and reviewing the state court records, the magistrate judge issued a report recommending that Brown's petition be denied.

In his objections, Brown repeats his assertions that counsel failed to object to the amending of the indictment, failed to file an *Ake* motion, and failed to convey plea offers, but presents no arguments or evidence in support of these assertions. His objections to the magistrate judge's recommended conclusions on these claims are without merit.

Next, Brown states that counsel failed to show or explain to him how the charges in the indictment could be defended or that the State, not him, would have to elect under which theory of law they intended to prosecute him. Counsel also failed to explain that the State would have to prove that the accident was directly caused by his intoxication in order to prove intoxication manslaughter. Instead, Brown contends that he has repeatedly claimed that the event happened as a result of road conditions and weather which caused him to hydroplane into the wrong lane.

To prevail on a claim of ineffective assistance of counsel, a federal habeas petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonable competence and that the deficient performance so prejudiced the defense that the outcome of the trial was unreliable and there is a reasonable probability that, but for counsel's performance, the result of the trial would have been different. Unless a petitioner makes both showings, he is not entitled to relief. *Del Toro v. Quarterman*, 498 F.3d 486, 490 (5th Cir. 2007).

In the context of a guilty plea, petitioner must show that counsel provided ineffective assistance and that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988). Mere allegations from a petitioner that he would have demanded a trial if counsel's advice had been different are insufficient to establish a reasonable probability that he would have actually done so. *Id*. Even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. *DeVille v. Whitley*, 21 F.2d 654, 659 (5th Cir. 1994).

Brown's claims that counsel failed to explain to him how the charges in the indictment could be defended, failed to explain that the State would have to elect under which theory of law they

intended to prosecute him, and failed to explain that the State would have to prove that the accident was directly caused by his intoxication are raised for the first time in his objections to the magistrate judge's report and do not appear in his federal or state habeas corpus petitions. Thus, they are not properly before the Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Even were these objections properly before the Court, they plainly have no merit. Brown does not state what he believes counsel should have told him about how the charges could be defended or about the State's alleged need to choose its theory of the case, much less show that had counsel explained this to him, he would not have pleaded guilty but would have insisted on going to trial. He has not shown any basis for relief on these claims.

Brown correctly asserts that the State must prove his intoxication caused the fatal result. *Wooten v. State*, 267 S.W.3d 289, 295 (Tex.App.-Houston [14th Dist.], pet. ref'd). Circumstantial evidence may be used to establish a causal connection. *Garcia v. State*, 112 S.W.3d 839, 852 (Tex.App.-Houston [14th Dist.] 2003, no pet.). This means that "but for" causation must be established between the accused's conduct and the resulting harm. *Robbins v. State*, 717 S.W.2d 348, 351 (Tex.Crim.App. 1986). When concurrent causes are present, the "but for" requirement is satisfied when either (1) the accused's conduct is sufficient by itself to have caused the harm, or (2) the accused's conduct coupled with another cause is sufficient to have caused the harm. If an additional cause other than the accused's conduct is clearly sufficient by itself to produce the result and the accused's conduct by itself is clearly insufficient, then the accused cannot be convicted. *Id.*

In *Garcia v. State*, slip op. no. 14-14-387-CR, 2015 WL 2250895 (Tex.App.-Houston [14th Dist., May 12, 2015, pet. ref'd), the appellant claimed that the unlit dangerous road, not his intoxication, was the primary cause of the accident. The appellate court determined that "the factors upon which appellant relies, at best, could have contributed to the accident [citation omitted]. When concurrent causes are present, the 'but for' requirement is satisfied when the accused's conduct

3

coupled with another cause is sufficient to have caused the harm. *See Robbins*, 717 S.W.2d at 351." The appellate court went on to conclude that a rational fact-finder could have found that but for the appellant's intoxication, the decedent's death would not have occurred.

As in *Garcia*, Brown claims that the road conditions were responsible for the accident, but he offers nothing to show that had counsel explained the law regarding concurrent causes to him, he would not have pleaded guilty but would have insisted on going to trial. These objections are without merit.

Finally, Brown complains that "the magistrate judge's recommendation would make it sound as if, because Petitioner has such a great hurdle to overcome in order to receive relief, that he should not even be allowed to try." He asks if the Court accepts the magistrate judge's recommendation, that "prejudice not attach." The magistrate judge correctly set out the standards for obtaining habeas corpus relief. Brown has not shown any basis for a dismissal of his petition without prejudice. These objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Anthony Brown is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

4

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 18th day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE